| STATE OF MAINE | SUPERIOR COURT |
| LINCOLN, SS | CIVIL ACTION |
|  | Docket No |

John Winslow

    Plaintiff

Case No.:

v.

**COMPLAINT**

Hartford Life and Accident Insurance Company

    Defendant

Plaintiff, Robert Winslow, for his Complaint against Defendant Hartford Life & Accident Insurance Company ("Hartford"), states as follows:

1. Mr. Winslow is an individual who, at times relevant to this Complaint, resided in Waldoboro, Maine, and who is or was a participant in group disability benefit plan (the "Plan"), sponsored by his former union, Union Workers Benefits Trust Local 6 ("Sponsor").

2. Upon information and belief, the Plan is funded, in part, through a group insurance policy Hartford sold to the Sponsor (the "Policy").

3. Hartford is a foreign company that provides group insurance coverage to residences of Maine.

4. Hartford acts as the administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Plan and Policy.

5. Hartford, as the administrator and insurer of claims for disability benefits under the Plan, operated with a financial conflict of interest that permeated its decision-making process.

6. Mr. Winslow brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy.

7. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over the Defendants pursuant to ERISA 502(e)(2), 29 U.S.C. 1132(e)(2).

### Claim for Relief

8. The Plan provides that Hartford will provide long-term disability benefits to participants who are considered disabled.

9. The Plan and Policy, in relevant part, as follows:

Disability or Disabled means:

1. during the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation;
2. for the 24 months following the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings;
3. after that, you are prevented from performing **one or more** of the Essential Duties of Any Occupation.

10. Mr. Winslow suffers from an extensive history of seizures, loss of memory, lack of attention, and cognitive impairment that have prevented and continue to prevent his participation in any full or part time employment.

11. Mr. Winslow was approved for long-term disability ("LTD") benefits from March 28, 2016 through April 10, 2018.

12. Mr. Winslow subsequently applied and was approved for Social Security Disability Insurance benefits by the Social Security Administration.

13. On April 10, 2018, Hartford terminated as Hartford felt that his conditions did not prevent him from performing one essential duty of Any Occupation.

14. Mr. Winslow timely appealed Hartford's denial and has now exhausted his administrative remedies.

15. Mr. Winslow remains disabled and unable to perform his prior occupation, or any other sedentary occupation, on a full or part time basis.

16. Hartford's decision to the contrary is incorrect, arbitrary and capricious.

17. Further, Hartford failed to provide a full and fair review and otherwise violated ERISA's claims procedure regulation.

18. As a result of the foregoing, Mr. Winslow has suffered a loss in the form of unpaid benefits, among other things.

19. Mr. Winslow is entitled to a judgment against Hartford in the amount of the unpaid benefits under the Policy including, *inter alia*, long-term disability benefits as well as an order directing Hartford to pay Mr. Winslow future benefits.

20. Mr. Winslow is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Robert Winslow, requests the Court grant him the following relief from Defendant:

    a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

    b. A judgment ordering Hartford to continue to pay Mr. Winslow long-term disability benefits for as long as he remains totally disabled under the Plan/Policy;

    c. A judgment ordering Hartford to repay Mr. Winslow his costs and attorney's fees, under ERISA 502(g); and

      d.    All other relief to which he is entitled, including de novo review of the decision to deny the claim.

Dated: July 30, 2019

_____
Andrew S. Davis, Esq. (Bar No. 005733)
LAMBERT COFFIN
One Canal Plaza, Suite 400
Portland, Maine 04101
207.370.3010
adavis@lambertcoffin.com

4